UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN L. ALWORDEN,
on behalf of K.L.A., a minor,

      Plaintiff,

v.                                          Case No. 1:09-cv-1040
                                          Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff[1] brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for social security income (SSI).

        Plaintiff was born on April 24, 1995 (AR 18).[2] Plaintiff's application for SSI was filed on February 22, 2005 (AR 72). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) held a hearing, reviewed plaintiff's claim *de novo*, and entered a decision denying the claim on September 8, 2008 (AR 15-22). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the court for review.

---

[1] Although Kathryn L. Alworden is the nominal plaintiff, the term "plaintiff" herein shall refer to her minor daughter K.L.A., the real party in interest. The court notes that the Administrative Law Judge's decision refers to the minor, K.L.A., as "the claimant."

[2] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). An individual under the age of 18 shall be considered disabled if the child

> has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or

> which has lasted, or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).

> There is a three step process in determining whether a child is "disabled" under the new definition set forth in the Act. First, the child must not be engaged in substantial gainful activity; second, the child must have a severe impairment; and third, the severe impairment must meet, medically equal or functionally equal one of the impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.924.

*Elam ex rel. Golay v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). *See also*, *Kelly v. Commissioner of Social Security*, 314 Fed. Appx. 827, 832 (6th Cir. 2009) (listing framework for a three-step inquiry).

The regulations provide separate tests for determinations at step three of the process. 20 C.F.R. § 416.924(d). First, "[i]n order to be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing. *See* 20 C.F.R. § 416.924(a)." *Elam*, 348 F.3d at 125. Second, a child, may have an impairment that is "medically equivalent" to a listed impairment, "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). Third, if a child has a severe impairment that does not meet or medically equal a listed impairment, the Commissioner will determine whether the impairment results in limitations which functionally equal the listings. 20 C.F.R. § 416.926a.

The criteria for determining functional equivalence to a listing is based upon six "domains" of functioning: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and, health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To establish "functional equivalence" of a listed impairment, the claimant has to show either "marked" limitations in two

3

domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). Under the regulations, a "marked limitation" in a domain "interferes seriously with your ability to independently initiate, sustain, or complete activities," while an "extreme limitation" in a domain 'interferes very seriously with your ability to independently initiate, sustain, or complete activities." *See* § 416.926a(e)(2)(i) and (3)(i).

## II. ALJ'S DECISION

Following the three steps, the ALJ first found that plaintiff will enter the seventh grade in the Fall of 2008 and has not engaged in substantial gainful activity at any time relevant to the decision (AR 18). The ALJ then found that plaintiff suffered severe impairments, a learning disability in reading and written expression, and delayed fine motor and visual spatial skills (AR 18). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets, medically equals or functionally equals on of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 18-22). In reaching this determination, the ALJ found that plaintiff's impairments have not resulted in marked limitations in two domains or severe limitations in one domain (AR 22). Specifically, the ALJ found: that plaintiff had "a marked limitation" in moving about and manipulating objects; "less than marked limitations" in acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for yourself; and "no limitation" in health and physical well-being (AR 20-22). The ALJ concluded that plaintiff was not under a "disability" as defined in the Social Security Act at any time since February 22, 2005, the date the application was filed (AR 22).

4

### III. ANALYSIS

Plaintiff has failed to comply with the Court's Order directing filing of briefs, which requires that "Plaintiff's initial brief must contain a Statement of Errors, setting forth the specific errors of fact or law upon which plaintiff seeks reversal or remand." *See* docket no. 8. After reviewing plaintiff's brief, the court finds four issues. First, the ALJ failed to give controlling weight to plaintiff's "treating medical sources," which plaintiff identified as: Paul Brown, a school psychologist; Amy Walker, an occupational therapist; Steven L. Pastyrnak, Ph.D., a pediatric psychologist; James A. Benthem, Ph.D., a psychologist; and Catherine Szymke, a licensed clinical social worker. Second, the ALJ failed to discuss the weight given to psychological and educational test results. Third, the ALJ failed to acknowledge plaintiff's listed impairment of a generalized anxiety disorder. Fourth, the ALJ's functional equivalence determination is not supported by substantial evidence.

    **A.**    **ALJ failed to give controlling weight to treating sources**

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). An ALJ is not

bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

### 1. Ms. Walker and Ms. Szymke

Plaintiff's contention that the ALJ failed to give controlling weight to the opinions of Ms. Walker (an occupational therapist) and Ms. Szymke (a licensed clinical social worker) fail. Neither an occupational therapist nor a social worker is considered a "treating source" whose opinion is entitled to deference. *See* 20 C.F.R. § 416.902 ("Acceptable medical source refers to one of the sources described in § 416.913(a) who provides evidence about your impairments. It includes treating sources, nontreating sources, and nonexamining sources"); § 416.913(a) (defining acceptable medical sources as licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists). Furthermore, the requirement that the Commissioner give "good reasons" for the weight given to an opinion applies only to "treating sources" (i.e., a physician, psychologist or other acceptable medical source who has provided medical treatment or evaluation). *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007) ("[b]efore determining whether the ALJ violated *Wilson* by failing to

6

properly consider a medical source, we must first classify that source as a 'treating source'"); *Burke ex rel. A.R.B. v. Astrue*, No. 6:07-cv-376, 2008 WL 1771923 at *7 (E.D. Ky. April 17, 2008) ("the deferential reason-giving requirements for the rejection of a treating-source opinion necessarily do not apply where the source in question is not an 'acceptable medical source'"). Because Ms. Walker and Ms. Szymke are not acceptable medical sources, the ALJ was neither required to give their opinions "complete deference" nor required to meet the "good reason" requirement of § 416.927(d)(2). *See Smith*, 482 F.3d at 876; *Burke ex rel. A.R.B.*, 2008 WL 1771923 at *7. Accordingly, plaintiff's claim of error with respect to Ms. Walker and Ms. Azymke should be denied.

    **2.**  **Mr. Brown**

    Paul Brown, a school psychologist, evaluated plaintiff in October 2003 (AR 134-37).[3] Mr. Brown conducted an evaluation of plaintiff and determined that she qualified for special education services as a learning disabled student in the area of basic reading (AR 137). Mr. Brown examined plaintiff in November 2006 as part of a three-year evaluation to determine if she continued to require special education services as a learning disabled student (AR 253-56). At that time, Mr. Brown recommended that plaintiff continue to qualify for special education (AR 255-56). As a school psychologist, Mr. Brown is considered an acceptable medical source "for purposes of establishing mental retardation, learning disabilities, and borderline intellectual functioning only." 20 C.F.R. § 416.913(a)(2). However, under the circumstances of this case, Mr. Brown's involvement was that of a nontreating source. *See* 20 C.F.R. § 416.902 (defining nontreating source

---

[3] The documents prepared by Mr. Brown identify him as a school psychologist for the Wexford-Missaukee ISD, without specifying his college degree(s) or professional certification (AR 134-37, 255-56).

as "a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you"). *See, e.g., Connell L. v. Astrue*, No. 1:09-cv-00991, 2010 WL 3185859 at *9-10 (E.D. Cal. Aug. 11, 2010) (a school psychologist who evaluates a child's disability for preparation of an Individual Education Plan ("IEP") is not entitled to deference as a treating source under 20 C.F.R. § 416.902). Accordingly, Mr. Brown's opinion is not entitled to deference as that of a treating source.

### 3. Dr. Benthem

In March 2006[4], Dr. Benthem, a psychologist, evaluated plaintiff at the request of her mother (AR 241-47). The doctor concluded that plaintiff met the criteria for services as "Learning Disabled (commonly known as Dyslexia)" (AR 243). Dr. Benthem noted that while plaintiff had an "exceptionally positive attitude both towards school and towards life in general," she was not a strong student, needing to work extremely hard to produce average level work (AR 243). In the Fall of 2006, plaintiff's mother advised Ms. Szymke that plaintiff saw Dr. Benthem for counseling "several times a month" (AR 249). However, there is no record of ongoing treatment by Dr. Benthem, and his opinion cannot be given deference as that of a treating source.

### 4. Dr. Pastyrnak

In July 2007, at the request of the school district, Dr. Pastyrnak performed an independent educational evaluation of plaintiff to determine her learning needs (AR 203-11). The doctor concluded that the majority of plaintiff's learning skills fell within the normal limits relative to other children of her age, with weaknesses in auditory processing, visual processing speed and some aspects of nonverbal reasoning (AR 209). The doctor noted a significant discrepancy between

---

[4] The date of the assessment is given as "3-32-06" (AR 241).

her overall learning capabilities and her academic achievement, particularly in the areas of reading and spelling (AR 209-10). She also had symptoms of a generalized anxiety disorder, including a history of fears and worries, and physiological hyperarousal, but insufficient evidence of attention deficit disorder (AR 210). There is no evidence that Dr. Pastyrnak treated plaintiff on an ongoing basis. Based on this record, Dr. Pastyrnak, was a nontreating source, and his opinion is not entitled to deference as that of a treating source.

### B. ALJ's evaluation of test scores

Plaintiff contends that the ALJ erred as a matter of law by failing to explain the weight given to her psychological and educational test scores, in violation of 20 C.F.R. 416.926a(e)(4)(iii)(B), which provides that "[w]hen we do not rely on test scores, we will explain our reasons for doing so in your case record or in our decision." Defendant contends that plaintiff misreads the regulation. The court agrees. Section 416.926a sets forth in great detail the agency's method for determining functional equivalence for children. A portion of the regulation, § 416.926a(e)(4), discusses "How we will consider your test scores." The subsection from which plaintiff quotes, § 416.926a(e)(4)(iii), reads in its entirety as follows:

> If there is a material inconsistency between your test scores and other information in your case record, we will try to resolve it. The interpretation of the test is primarily the responsibility of the psychologist or other professional who administered the test. But it is also our responsibility to ensure that the evidence in your case is complete and consistent or that any material inconsistencies have been resolved. Therefore, we will use the following guidelines when we resolve concerns about your test scores:
>
> > (A) We may be able to resolve the inconsistency with the information we have. We may need to obtain additional information; e.g., by recontact with your medical source(s), by purchase of a consultative examination to provide further medical information, by recontact with a medical source who provided a consultative examination, or by questioning individuals familiar with your day-to-day functioning.

9

> (B) Generally, we will not rely on a test score as a measurement of your functioning within a domain when the information we have about your functioning is the kind of information typically used by medical professionals to determine that the test results are not the best measure of your day-to-day functioning. When we do not rely on test scores, we will explain our reasons for doing so in your case record or in our decision.

20 C.F.R. § 416.926a(e)(4)(iii). Nothing in § 416.926a(e)(4) requires the Commissioner to explain the weight given to every test score taken by a claimant under every circumstance. Plaintiff has failed to provide any particular conclusion reached by the ALJ that violates § 416.926a(e)(4). Accordingly, plaintiff's claim of error should be denied.

### C. ALJ failed to evaluate a listed impairment

Plaintiff contends that the ALJ erred by failing to find that she met the requirements of Listing 112.06 A.3. for a "generalized anxiety disorder." The Childhood Disability Evaluation Form completed by the agency consultants in 2005 noted that plaintiff suffered from a reading disorder, disorder of written expression, and delayed fine and visual/spatial motor skills, but did not identify any listed impairment (AR 194). Approximately two years later, Dr. Pastyrnak, a pediatric psychologist, diagnosed plaintiff as suffering from a generalized anxiety disorder (AR 210). The ALJ did not address Dr. Pastyrnak's subsequent diagnosis of this listed impairment (AR 18). Rather, the ALJ stated as follows:

> I have evaluated the claimant's impairments in the context of childhood and adult Listings and conclude that she does not manifest clinical signs and findings that meet the specific criteria of any of the Listings. In reaching this conclusion, I have considered the opinions of the State Agency Medical consultants who have evaluated this issue at the initial level of the administrative review process and reached the same conclusion.

(AR 18).

While the ALJ's decision provides a lengthy discussion of whether plaintiff's condition is functionally equivalent to a listing under 20 C.F.R. § 416.926a, he failed to provide a meaningful discussion of whether plaintiff's condition met the requirements of Listing 112.06 A.3. The court is aware that while plaintiff's counsel submitted a post-hearing brief which mentioned Dr. Pastyrnak's diagnostic impression of "generalized anxiety disorder" (AR 131), counsel did not assert that plaintiff met the requirements of Listing 112.06 A.3. (AR 127-33), nor did counsel raise this issue at the administrative hearing. Nevertheless, that diagnosis appears in the record and could reach the level of a listed impairment. Despite counsel's failure to adequately raise this issue for the ALJ, the court concludes that this issue merits further review. *See Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits").

Under these circumstances, the court concludes that a this matter should be reversed and remanded for consideration of whether plaintiff met the requirements of Listing 112.06 A.3. for a generalized anxiety disorder. *See, e.g., Miller v. Commissioner of Social Security*, 181 F.Supp.2d 816, 820 (S.D. Ohio 2001) (where the ALJ failed to discuss the elements of a listing for a condition apparent in the record and whether the evidence demonstrated that plaintiff satisfied those elements, the court could not conduct a meaningful review of the record; the court noted that it was "unclear precisely why, in the ALJ's view, plaintiff did not satisfy [the listing]" and that "this issue must first be determined by the ALJ, not the Court").

Therefore this matter should be reversed and remanded pursuant to sentence four of § 405(g) for a determination as to whether plaintiff meets the requirement of Listing 112.06 A.3.

### D. Functional equivalence

Plaintiff contests the ALJ's determination that her condition is not functionally equivalent to a listed impairment.

#### 1. Acquiring and using information

This domain considers "how well you acquire or learn information, and how well you use the information you have learned." 20 C.F.R. § 416.926a(g). The ALJ found that plaintiff had less than marked limitation in this domain (AR 20). In reaching this determination, the ALJ noted that plaintiff's IQ scores in November 2003 and June 2006 were in the low average to average range of cognitive functioning; that she qualified for special education services as a learning disabled student; and that despite extra assistance in a resource room in several academic areas, her reading, written language, and some math skills are below grade level (AR 20). Plaintiff contends that the ALJ's determination is unjustified because he did not indicate the extent to which plaintiff's "achievement falls below her ability based on IQ testing, nor indicate the great disparity between [plaintiff's] age appropriate grade level, 7, and her achievement in, writing, and mathematical problem solving." Plaintiff's Brief at 12. For example, when plaintiff was age twelve, testing indicated that she had the adaptive communication skills of a five-year old and the daily living skills and socialization skills of a six-year old (AR 209). At age twelve, plaintiff had the academic achievement ranging from that of a first grader (in letter-word identification, passage comprehension and spelling) to that of a third grader (in calculation) (AR 208). Other assessments at age twelve indicated that plaintiff had the reading comprehension of a second grader and the math skills of a fourth grader (AR 222).

The court agrees with plaintiff that the ALJ should re-evaluate this domain. The record contains significant evidence that plaintiff is functioning far below her age level in communication, socialization and academic achievement. While the ALJ cited eight exhibits as supporting his determination with respect to this domain, the ALJ did not explain the relevance of any particular exhibit and articulated only vague conclusions which do not assist the court in determining whether plaintiff suffered a "marked limitation" in this domain. Accordingly, the ALJ's decision on this domain should be reversed and remanded pursuant to sentence four of § 405(g) for a re-evaluation of this domain.

### b. Attending and completing tasks

This domain considers "how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them." 20 C.F.R. § 416.926a(h). The ALJ found that plaintiff had less than marked limitation in this domain (AR 20). In reaching this determination, the ALJ observed: that plaintiff is often described as a hard worker and a good listener; that a former teacher (Mrs. Hanson) commented that plaintiff has enthusiasm for learning and a great attitude; that a consultative examiner observed in April 2005 that plaintiff had no noticeable difficulty with concentration; that in a psychological assessment in June 2007, Dr. Pastyrnak observed that plaintiff's activity level was within normal limits without any significant problems attending or concentrating; that Dr. Benthem observed in March 2006 that plaintiff was very persistent, even at the limits of her abilities; and that during classroom observation in November 2006, plaintiff was "able to focus on her work and accomplished what she was asked to

do," had activity level in the normal range, and "[a]t no time during the observation was she off task or demonstrating frustration with the work" (AR 20).

Plaintiff contends that the ALJ's decision "merely picked out positive statements made in reports, while ignoring the full import of the report as it applies to this domain." Plaintiff's Brief at p. 13. Plaintiff's contentions are without merit. The ALJ presented substantial evidence in support of his determination. While plaintiff states that the ALJ did not discuss evidence submitted by teachers and parents who observed her over long periods of time, and who presumably had greater knowledge of her problems, plaintiff does not cite evidence in the administrative record which demonstrates that the ALJ's determination was not supported by substantial evidence. Plaintiff is essentially asking the court to re-weigh the evidence in her favor. This court, however, does not weigh the evidence. *See Brainard*, 889 F.2d at 681. Plaintiff's claim of error should be denied.

### c. Interacting and relating with others

This domain considers "how well you initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i). The ALJ found that plaintiff had less than marked limitation in this domain (AR 20-21). The ALJ found: that although plaintiff has some problems with anger control, she is described as a nice girl, likable, cooperative, respectful, pleasant, polite, well mannered, having friends, acting fine with adults, getting along well with her sister and other family members, and never requiring a behavior modification program at school; that at Dr. Pastyrnak's June 2007 evaluation, the doctor observed that plaintiff's expressive and receptive language skills were intact, that she appeared to

14

be engaging, that she was able to maintain a reasonably age appropriate conversation, and that she was appropriately responsive to social cues; and, her October IEP indicated good communication skills (AR 20-21).

While plaintiff contests the ALJ's conclusions on this domain, she once again failed to cite to specific pages in the administrative record that support her position. Nevertheless, it does not appear to the court that the ALJ accounted for all of plaintiff's conditions relevant to this domain. As previously discussed, plaintiff's testing at age twelve indicated that she functioned like a five- or six-year old with respect to communication, daily living skills and socialization (AR 209). Dr. Pastyrnak noted that plaintiff presented "with a number of significant symptom patterns consistent with a generalized anxiety disorder," which included "a history of fears and worries, physiological hyperarousal and subsequent impact on [her] day-to-day functioning" (AR 208).

Given plaintiff's test scores and Dr. Pastyrnak's clinical evaluation, it appears to the court that the ALJ's determination is not supported by substantial evidence. Accordingly, the ALJ's decision on this domain should be reversed and remanded pursuant to sentence four of § 405(g) for a re-evaluation of this domain.

    **d.**   **Moving about and manipulating objects**

This domain considers the child's gross and fine motor skills. 20 C.F.R. § 416.926a(j). The ALJ found that plaintiff had a marked limitation in this domain (AR 21). Plaintiff did not object to the ALJ's determination on this domain.

    **e.**   **Caring for yourself**

This domain "how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways;

how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area." 20 C.F.R. § 416.926a(k). The ALJ found that plaintiff had a less than marked limitation in this domain (AR 21-22). The ALJ found: that although plaintiff needs reminders, she sets the table, puts her clothes away, dusts, sweeps, prepares simple foods, and does laundry; that at age nine she could do most personal needs independently; and that Dr. Benthem's report from March 2006 that she "has an exceptionally positive attitude toward school and toward life in general" (AR 22). Plaintiff contends that those who have observed her on a daily basis over a long period of time report that she has marked to extreme limitations in this domain. However, plaintiff has failed to cite portions of the administrative record that support her position. Once again, plaintiff is essentially asking the court to re-weigh the evidence in her favor. However, as noted above, this court does not weigh the evidence. *See Brainard*, 889 F.2d at 681. The ALJ's position is supported by substantial evidence.

### f. Health and physical well-being

This domain considers "the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on your functioning that we did not consider in paragraph (j) of this section." 20 C.F.R. § 416.926a(l). The regulations further provide that, "[w]hen your physical impairment(s), your mental impairment(s), or your combination of physical and mental impairments has physical effects that cause 'extreme' limitation in your functioning, you will generally have an impairment(s) that 'meets' or 'medically equals' a listing." *Id.* The ALJ found that plaintiff had no limitation in health and physical well-being (AR 22). Plaintiff did not object to this finding.

## IV. Recommendation

I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence-four of § 405(g). On remand, the Commissioner should determine whether plaintiff met the requirements of Listing 112.06 A.3. for a generalized anxiety disorder, and re-evaluate the extent of plaintiff's limitations in the domains of acquiring and using information (§ 416.926a(g)) and interacting and relating with others (§ 416.926a(i)).


Dated: January 24, 2011                         /s/ Hugh W. Brenneman, Jr.
                                                           HUGH W. BRENNEMAN, JR.
                                                           United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).