UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KATHRYN L. ALWORDEN,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

CASE NO. 1:09-CV-1040

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 22), Defendant's Objections to the Magistrate Judge's Report and Recommendation (docket # 23), and Plaintiff's Response to Defendant's Objections (docket # 24).[1] Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo
> determination upon the record, or after additional evidence, of any
> portion of the magistrate judge's disposition to which specific written

---

[1] Although Kathryn L. Alworden is the nominal plaintiff, the term "plaintiff" in this Order, as in the Report and Recommendation, refers to Ms. Alworden's minor daughter, K.L.A., who is the real party in interest.

> objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Defendant's objections; and Plaintiff's response to Defendant's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends that the Court reverse and remand the Commissioner's decision under sentence four of 42 U.S.C. § 405(g). (Report and Recommendation, docket # 22, at 17.) In particular, the Magistrate Judge points to three areas for the ALJ to pursue upon remand: (1) whether plaintiff met the requirements of Listing 112.06 A.3 for a generalized anxiety disorder (*Id.* at 11); (2) a re-evaluation, in the context of a functional equivalence analysis, of the domain of acquiring and using information (*Id.* at 12-13); and (3) a re-evaluation, in the context of a functional equivalence analysis, of the domain of interacting and relating with others (*Id.* at 15-16.).

The Commissioner objects that there is no need for further consideration of any of the three areas the Report and Recommendation identifies. In each instance, the Commissioner points to record evidence that may have supported the ALJ's decision, or which the ALJ may have considered and rejected, but which the ALJ did not discuss or explicitly rely upon in his decision. (Obj., docket # 23, at 2, 4, 6.) The Commissioner asserts, for example, that there is no need to consider further whether plaintiff met the requirements of Listing 112.06 A.3, for generalized

anxiety disorder, because "[a]side from Dr. Pastyrnak's evaluation, the only evidence to support a diagnosis were the results of [certain] questionnaires." (*Id.* at 2.) This misses the fundamental point, however, that although Dr. Pasternak's evaluation resulted in a diagnosis of generalized anxiety disorder, the ALJ did not explicitly identify the evaluation and address it. Nor did he discuss in any detail the possibility that plaintiff's condition met the listing requirements for 112.06. The Court agrees with the Magistrate Judge that Dr. Pastyrnak's evaluation merits further review and that the ALJ should revisit the question of whether plaintiff's condition met the listing requirements of 112.06 A.3.[2]

Similarly, the Commissioner objects that record evidence supports the ALJ's findings concerning the domain of acquiring and using information. (*Id.* at 4-6.) Again, the problem is that the ALJ's decision does not discuss the evidence the Commissioner emphasizes in a way that makes clear how, if at all, that evidence affected his analysis. Indeed, the Commissioner himself acknowledges that this evidence is "not explicitly discussed" in the ALJ's decision. (*Id.* at 4.) Moreover, the ALJ's decision does not address evidence in the record indicating that the plaintiff is functioning well below her age level in communication, socialization, and academic achievement. (*See* R. and R., docket # 22, at 12-13.) The Commissioner describes ways the evidence might be interpreted, but that does not resolve the question of how the ALJ conducted his analysis and made his findings. The Court agrees with the Magistrate Judge that reevaluation of this domain is warranted.

---

[2]The Court recognizes that the ALJ may not have addressed whether plaintiff met the listing requirements because plaintiff's counsel did not raise the issue for the ALJ. (*See* R. and R., docket # 22, at 11.)

3

Finally, the Commissioner objects to the Magistrate Judge's conclusion that the record lacks substantial evidence to support the ALJ's determination regarding the domain of interacting and relating with others. (Obj., docket # 23, at 6). The Commissioner again proposes potential interpretations of some of the record evidence, which still leaves open the question of how the ALJ himself analyzed the evidence. Moreover, it is not clear that the ALJ considered all of plaintiff's conditions relevant to the domain of interacting and relating with others. The Court agrees with the Magistrate Judge that the ALJ's determination is not adequately supported, for precisely the reasons the Magistrate Judge describes, and that the ALJ should revisit the evidence related to this domain, including but not limited to plaintiff's test scores and Dr. Pastyrnak's clinical evaluation. None of the Commissioner's arguments persuade the Court otherwise.

In her response to Defendant's Objections, plaintiff proposes that the Court also "remand for a determination as to whether Plaintiff's limitations in the domains of acquiring and using information and interacting and relating with others are 'marked' or 'extreme'...." (Response, docket # 24, at 2.) Plaintiff also proposes that in the alternative, the Court determine that she "meets the listing requirements of a generalized anxiety disorder and/or that Plaintiff has either 'marked' limitations in two domains or severe limitation in one domain." (*Id.*) The Court believes that a thorough re-evaluation of the extent of plaintiff's limitations in the domains of acquiring and using information (§ 416.92a(6)) and interacting and relating with others (§ 416.926a(i)) will naturally resolve the more particular questions of whether limitations are marked, extreme, or otherwise. The Court also believes it is more appropriate in this case to remand the question of the whether plaintiff meets the listing requirements for a generalized anxiety disorder to the ALJ than to resolve the question itself.

4

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 22) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should determine whether plaintiff met the requirements of Listing 112.06 A.3 for a generalized anxiety disorder, and re-evaluate the extent of plaintiff's limitations in the domains of acquiring and using information (§ 416.92a(6)) and interacting and relating with others (§ 416.926a(i)).

DATED:_March 25, 2011        /s/Robert J. Jonker_____
                             ROBERT J. JONKER
                             UNITED STATES DISTRICT JUDGE